UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALBERTSON'S, INC.,

        Plaintiff,

-vs-                                          Case No.  5:05-cv-89-Oc-10GRJ

ALVAREZ TRUCK BROKERS OF
FLORIDA, INC., LAKE ERIE
CORPORATION,

        Defendants.
_____

**O R D E R**

This case is before the Court for consideration of Defendant Alvarez Truck Brokers of Florida, Inc.'s Motion to Dismiss Counts III and IV (Doc. 6), to which the Plaintiff has responded (Doc. 7). The motion is ripe for review and the Court concludes that it is due to be granted in part and denied in part.

**Background**

The facts, as set forth in the Plaintiff's Complaint (Doc. 1), are as follows. The Plaintiff, Albertson's, Inc., hired Defendant Alvarez Truck Brokers of Florida, Inc. (Alavarez), to engage a sufficient number of motor carriers to transport fresh cut flowers from the Plaintiff's supplier to the Plaintiff's warehouses. The Plaintiff planned to sell the flowers in its supermarkets during the week before February 14, 2004.

Alvarez hired Defendant Lake Erie Corporation (Lake Erie) to transport a batch of flowers from the Plaintiff's supplier in Miami, Florida to the Plaintiff's warehouse in Fort

Worth, Texas. The Plaintiff alleges that "[a]t all relevant times while performing its contracted duties" Alvarez knew the flowers needed to be transported in refrigerated trailers. The Plaintiff further alleges that Lake Erie knew or should have known that the flowers needed to be refrigerated in transit, and that it was necessary to maintain the refrigerated trailer's temperature between 36 and 38 degrees Fahrenheit. On February 6, 2004, Lake Erie picked up the flowers from the Plaintiff's supplier in good condition. When Lake Erie delivered the flowers to the Plaintiff on February 9, 2004, the Plaintiff rejected the delivery after finding that the temperature record and the flowers showed signs that Lake Erie had kept the flowers at or below freezing for a prolonged period.

The Plaintiff claims that because the flowers were damaged, it lost the total value of the shipment, which was $225,445.32 in lost sales, except for any incidental salvage value. The Plaintiff also claims that Alvarez sold part of the damaged flowers for about $15,000.00, which either Alvarez or Lake Erie retained and refused to remit to the Plaintiff despite its demands to do so. Lastly, the Plaintiff claims that it was not able to recover the value of the damaged flowers because Lake Erie did not carry insurance of the type or amount sufficient to pay the Plaintiff for the loss and damage to the goods.

The Plaintiff's Complaint contains four counts. Count I alleges that Lake Erie "breached its common-law duty of care that a bailee of property for hire owes a bailor by failing to deliver the goods the bailor . . . at destination and in good condition." Count II alleges that Lake Erie owed the Plaintiff "the common-law duty of a common carrier to care for and protect [the Plaintiff's] goods in transit so as to deliver them in good condition."

Count III alleges that Alvarez "was negligent in engaging [Lake Erie] and entrusting, or advising [the Plaintiff] to entrust, the goods to [Lake Erie] for transportation when [Lake Erie] did not have insurance for loss and damage if the goods were lost or damaged in shipment." Lastly, Count IV alleges that Alvarez was unjustly enriched by retaining about $15,000.00 from the sale of the damaged flowers.

Alvarez moves to dismiss Counts III and IV of the Complaint. Alvarez argues that because the Plaintiff only seeks to recover economic damages and because their relationship is solely contractual, Counts III and IV are barred by the economic loss rule. In addition, Alvarez claims that the Complaint contains insufficient allegations which would give rise to a cause of action for negligent entrustment or unjust enrichment, as defined under Florida law.

In response, the Plaintiff argues that the economic loss rule is inapplicable where the law of bailment permits an action for the tort of negligence. In addition, the Plaintiff contends that it has plead facts sufficient to support its negligent entrustment and unjust enrichment claims. If the Court grants Defendant Alvarez' motion to dismiss, the Plaintiff requests leave to amend its Complaint.

### Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with

a high mortality rate."[1]  Thus, if a complaint "shows that the Plaintiff is entitled to <u>any</u> relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled.[2]  As the Supreme Court declared in <u>Conley v. Gibson</u>, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[4]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[6]

---

[1]  <u>Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.</u>, 400 F.2d 465, 471 (5th Cir. 1968).

[2]  <u>Dotschay v. Nat. Mut. Ins. Co.</u>, 246 F.2d 221 (5th Cir. 1957).

[3]  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  <u>See also</u> <u>Cook & Nichol, Inc. v. The Plimsoll Club</u>, 451 F.2d 505 (5th Cir. 1971).

[4]  <u>Conley</u>, 355 U.S. at 47.

[5]  <u>Id.</u>

[6]  <u>Roe v. Aware Woman Center for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

**Discussion**

Pursuant to the economic loss rule, "where a plaintiff seeks purely economic losses, defined as 'damages for inadequate value, cost of repair and replacement of the defective product, or consequent loss of profits -- without any claim for personal injury or damage to their property,' the plaintiff's recovery is limited to contractual remedies."[7] This rule "is based upon the prevailing view that contract principles rather than tort principles are more appropriate to resolve purely economic claims and encourage[s] parties to negotiate economic risks through warranty provisions and price."[8]

With respect to a contract for services, the economic loss rule "preclude[s] a negligence claim arising from breach of a service contract in a nonprofessional services context."[9] The Florida Supreme Court has limited the applicability of the economic loss rule in other contexts, however, including statutory causes of action,[10] fraudulent inducement

---

[7] Standard Fish Co., Ltd. v. 7337 Douglas Enter., Inc., 673 So.2d 503, 504 (3d Fla. DCA 1996) (quoting in part Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244, 1247 (Fla. 1993)); see also Florida Power &Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899, 902 (Fla. 1987).

[8] McDonugh Equip. Corp. v. Sunset Amoco West, Inc., 669 So.2d 300, 302 (3d Fla. DCA 1996) (citing Florida Power & Light, 510 So.2d at 900-01).

[9] Comptech Intern., Inc. v. Milam Commerce Park, Ltd., 753 So.2d 1219, 1225 (Fla. 1999) (referring to the court's decision in AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla. 1987)).

[10] Id. at 1221.

actions,[11] negligent misrepresentation claims,[12] and where an action involves a special relationship between a professional and a third party who may be affected by a professional's negligence.[13]

The Plaintiff argues that its claims are not barred by the economic loss rule because the Plaintiff may choose to bring tort claims rather than contractual claims against Defendant Alavarez under bailment law. The Plaintiff's argument is without merit since an agency exists between the Plaintiff and Defendant Alvarez, which is wholly distinguishable from a bailment relationship.[14]

The economic loss rule bars the Plaintiff's negligent entrustment claim because the Plaintiff seeks to recover the profits it would have made had it received its flowers in good condition and makes no claim that it suffered personal injury or damage to their property

---

[11]  See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1996).

[12]  See PK Ventures, Inc. v. Raymond James & Ass., 690 So.2d 1296 (Fla. 1997). It should be noted, however, that negligent misrepresentation claims relating to the breaching party's performance of a contract are still barred by the economic loss rule. See Wadlington v. Continental Med. Services, Inc., 728 So.2d 352 (Fla. 4th DCA 1999).

[13]  See Moransais v. Heathman, 744 So.2d 973, 982 (Fla. 1999).

[14]  The Plaintiff admits in its response to Defendant Alvarez' motion to dismiss that an agency exists between the parties. The Plaintiff states that the Plaintiff's and Defendant Alvarez' "contract is relevant in that [Defendant Alvarez] undertook to perform 'duties as a transportation broker for the goods' . . . which is both an agency and professional relationship implicating a duty of care that the agent, [Defendant Alvarez], owes to its principal, the [Plaintiff]." Doc. 7, Plaintiff's Response, pg. 2.
  "'Bailment', 'agency' and 'master and servant' are distinct concepts and involve different relationships which often comprehend some similar facts." Lynch v. Walker, 159 Fla. 188, 271 (Fla. 1947) (overruled in part on other grounds by Meister v. Fisher, 462 So.2d 1071 (Fla. 1984)).

independent of the contract the Plaintiff entered into with Alvarez. In addition, the Plaintiff's Complaint contains no allegations which suggest that its negligent entrustment claim falls into any particular recognized exception to the rule. Accordingly, the Plaintiff's negligent entrustment claim against Defendant Alvarez is due to be dismissed.

On the other hand, since "[t]he economic loss rule does not preclude a cause of action for a tort distinguishable from, or independent of, the breach of contract,"[15] and since Florida courts have recognized that an unjust enrichment claim is not barred by the economic loss rule,[16] Defendant Alvarez' motion to dismiss this claim is due to be denied. In addition, the Plaintiff may have a viable cause of action for conversion,[17] and, therefore, the Plaintiff's request for leave to amend its Complaint to add a claim for conversion is due to be granted.

---

[15] Burke v. Napieracz, 674 So.2d 756, 758 (1st Fla. DCA 1996).

[16] See Duncan v. Kasim, Inc., 810 So.2d 968, 971 (Fla. 5th DCA 2002) (holding that the Plaintiff's unjust enrichment claim is not barred by the economic loss rule). "The elements of a cause of action for unjust enrichment are: 1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, 2) the defendant accepts and retains the conferred benefit, and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." Id. The Plaintiff's Complaint contains sufficient allegations to state a claim for unjust enrichment.

[17] See Burke, 674 So.2d at 758-59 (holding that the economic loss rule does not bar conversion claims).

**Conclusion**

Accordingly, upon due consideration, it is ordered that:

(1) Defendant Alvarez Truck Brokers of Florida, Inc.'s Motion to Dismiss Counts III and IV (Doc. 6) is GRANTED with respect to Count III (negligent entrustment) and DENIED with respect to Count IV (unjust enrichment);

(2) the Plaintiff's request for leave to amend its Complaint is GRANTED; and

(3) the Clerk is directed to withhold the entry of judgment pending resolution of this case as a whole.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 15th day of June, 2005.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy